IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 1:21-CR-191-RP |
| | § | |
| JEREMY HIBBLER | § | |

## ORDER

Before the Court is Defendant's Motion to Allow Interstate Travel for Employment, Dkt. 17. The District Court referred the motion to the undersigned for resolution pursuant to 18 U.S.C. § 3006A(b), 28 U.S.C. § 636(b)(1)(B), and Rule 44 of the Federal Rules of Criminal Procedure. Dkt. 18. Defendant seeks to modify the Order Setting Conditions of Release, Dkt. 11, to allow interstate travel for the purpose of work while continuing to wear a GPS monitoring device. Dkt. 17. Defendant is currently subject to home detention with GPS monitoring. Dkt. 11, at ¶ 7(p). The Court held a hearing on Defendant's motion on December 21, 2021, which was Defendant; his attorney, Eric Harron; Assistant U.S. Attorney Grant Sparks; and Kyona Stubbs from U.S. Pretrial Services.

After Defendant filed his motion, the Government indicated that it did not oppose the relief sought; U.S. Pretrial Services, however, did oppose, citing (1) the practical inability to implement home detention and GPS monitoring on Defendant if he is traveling across the country on long-haul trips; and (2) concerns related to Defendant's exposure to environments such as interstate truck stops, which are often

1

the location of the same sort of criminal activity Defendant is accused of committing (i.e., sex trafficking).

Pretrial Services' concerns are well-taken. But the Court is also sensitive to Defendant's need to make a living in his chosen profession while on pretrial release. And the Court is aware of the facts that (1) prior to entering the federal system, Defendant was on bond in Travis County for an offence arising from the same incident and was successful in complying with GPS monitoring; (2) Defendant incurred no bond violations; and (3) when Defendant learned of the warrant in this case, he promptly self-surrendered. *See* Dkt. 17, at 1.

In light of the foregoing, and for the reasons stated on the record, the Court **DENIES IN PART** Defendant's motion (Dkt. 17) to the extent it seeks permission to allow interstate travel for employment. The Court **GRANTS IN PART** Defendant's motion to modify the Order Setting Conditions of Release (Dkt. 11) to add new Condition 7(t), which should read as follows:

For purposes of his employment only, Defendant will be permitted to travel as a truck driver in his county of residence and the surrounding counties supervised by the Amarillo Division. Defendant is required to return to his approved residence upon the conclusion of his daily work hours (no later than midnight of any given day).

SIGNED December 21, 2021.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE