# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JEREMY WALTON HIBBLER,** *Petitioner* § § § | |
| **v.** § § | No. 1-24-CV-67-RP<br>No. 1-21-CR-191-RP |
| **UNITED STATES OF AMERICA,** *Respondent* § § § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Jeremy Walton Hibbler's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, Dkt. 51. The undersigned submits this report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. The undersigned recommends denying Hibbler's motion.

## I.   BACKGROUND

Hibbler was charged with two counts of sex trafficking and one count of transportation for illegal sexual activity in violation of 18 U.S.C. §§ 1591(a) and 2421(a). Dkt. 23. He ultimately pleaded guilty to transportation for illegal sexual activity, acknowledging that he knowingly transported an adult female from Texas to Florida with the intent that she engage in prostitution and sexual activity for which a person can be charged with a criminal offense in the State of Florida. Dkt. 34, at 3. Under the binding plea agreement Hibbler entered into with the United

1

States, Hibbler agreed, pursuant to Rule 11(c)(1)(C), to "not seek or advocate any sentence other than the sentence agreed to in" the plea agreement. *Id.* at 2. After the Court accepted Hibbler's plea agreement, Dkt. 44, Hibbler was sentenced to 96 months of imprisonment, followed by a 5-year term of supervised release—as contemplated under his plea agreement. Dkts. 34, at 2; 49, at 2, 3. Hibbler did not file any direct appeal.

Hibbler filed a motion to set aside or correct his sentence and requests an evidentiary hearing. Dkt. 51, at 13. The government filed a response in opposition to Hibbler's motion to vacate. Dkt. 59.

## II.     LEGAL STANDARD

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude … and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been

raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). A petitioner's claim that he received ineffective assistance of counsel is a mixed question of law and fact which is reviewed *de novo*. *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999).

## III.    DISCUSSION

Hibbler asserts five bases for relief in his motion, alleging that: (1) he did not have notice or an opportunity to contest the live victim's impact statement at sentencing; (2) the Court sentenced him partially based on "misinformation and false statements" provided in the victim's impact statement; (3) he had no notice or opportunity to address the Court's assumption of uncharged criminal conduct beyond the dismissed charges; (4) he was sentenced pursuant to a predetermined policy of giving the maximum sentences for his offense; and (5) his attorney provided ineffective assistance of counsel. Dkt. 51, at 17-28. None of Hibbler's bases for relief have merit, and as such, the undersigned finds that a hearing on the petition is not necessary. *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." (citing *United States v. Auten*, 632 F.2d 478 (5th Cir. 1980))).

### A.    Waived Claims

Hibbler's first four bases for relief have been waived. In his plea agreement, Hibbler waived his right to appeal his conviction or sentence on "any ground," as well as his right to collaterally attack his conviction or sentence "in a post-conviction

3

collateral challenge, including but not limited to a proceeding pursuant to 28 U.S.C. §§ 2241 and 2255," except for challenges based on claims of ineffective assistance of counsel or prosecutorial misconduct. Dkt. 34, at 5-6. This Court found Hibbler's plea to have been made "freely and voluntarily," with understanding of the "the meaning and effect of the waiver of his constitutional and statutory rights." Dkt. 42, at 2.

A waiver is enforceable if (1) it was knowing and voluntary, and (2) it "applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). A waiver is knowing and voluntary if the defendant knows that he has the right to collateral review and that he is waiving it in the plea agreement. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994). Here, Hibbler does not dispute that the waiver of his right to collaterally attack his conviction and sentence was knowing and voluntary. *See* Dkts. 51, at 17-26; 61, at 2-5. Hibbler also has not argued that the present claims fall within any exception to the waiver in his plea agreement. *See id.* The undersigned thus recommends that the District Court deny the first four grounds of Hibbler's motion to vacate as waived.

### B. Ineffective Assistance of Counsel

Hibbler also raises six claims of ineffective assistance of counsel based on his attorney's actions after Hibbler's guilty plea. Specifically, Hibbler argues that he was denied effective assistance of counsel by his attorney's failure to: (1) object to the "surprise introduction" of the "live" victim impact statement at sentencing; (2) contest or rebut the victim impact statement; (3) resecure Hibbler's right to address the

victim impact statement through allocution; (4) prepare Hibbler for sentencing; (5) address the Court's assumption that there was additional conduct beyond the dismissed charges; and (6) file a post-sentencing motion to correct any of Hibbler's claims. Dkt. 51, at 26-27.

Courts can consider claims of ineffective assistance of counsel that are brought for the first time in a § 2255 motion. *United States v. Gaudet,* 81 F.3d 585, 589 (5th Cir. 1996). A voluntary guilty plea, however, forfeits all non-jurisdictional defects in the proceedings against the defendant, including claims of ineffective assistance of counsel, except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (citing *United States v. Smallwood,* 920 F.2d 1231, 1240 (5th Cir. 1991)). Here, Hibbler has not argued that his counsel's ineffective assistance rendered his guilty plea involuntary, and in fact clarifies in his reply that he "does not seek to withdraw the guilty plea" as he "admits he is guilty and accepts responsibility for his actions." Dkt. 61, at 7. Nevertheless, the undersigned will briefly address Hibbler's ineffective assistance of counsel claims below.

To prevail on his ineffective assistance of counsel claims as they relate to his sentence, Hibbler must establish that (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694 (1984); *Chavez*, 193

F.3d at 378 ("In a habeas proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof.").

As to the first three ineffective assistance of counsel claims, Hibbler has failed to demonstrate that his counsel's conduct with regard to the victim impact statement heard at sentencing was either deficient or prejudiced Hibbler. The government attached to its response an affidavit from Hibbler's counsel, Mark A. Sampson, averring that Sampson did in fact inform Hibbler that the government planned to present live victim impact testimony at sentencing, and that the decision to not rebut the victim's statement was a strategic one. Dkt. 59-1, at 1-3. That the violent incident the victim testified to at sentencing had already been included in Hibbler's pre-sentence report further negates the possibility that his sentence would have been different in the absence of such live testimony. *Id.* at 2.

Next, Hibbler's conclusory claim that his counsel did not prepare him for sentencing is clearly belied by the record. During sentencing, Hibbler testified that his counsel had in fact prepared him for sentencing. Dkt. 53, at 2-3 ("First, let me ask whether or not you believe you've had enough time with your lawyer before today to prepare for this sentencing hearing. THE DEFENDANT: Yes, sir."). Sampson further states in his declaration that he "extensively deliberated" with Hibbler about the manner in which Hibbler should present himself at sentencing, including by "delv[ing] into the intricacies of the case" and reviewing the possible sentence range for his conviction. Dkt. 59-1, at 3.

6

Hibbler's claim that the Court relied on any conduct beyond the dismissed charges in sentencing him is also contradicted by the record. During sentencing, the District Judge alluded to the fact that Hibbler had agreed to an "above-guideline" sentence range because the government had agreed to drop the sex trafficking charges that carried "significantly higher mandatory minimum sentences." Dkt. 53, at 18. Indeed, had Hibbler been convicted of sex trafficking, he would have faced a mandatory minimum of 15 years in prison rather than the maximum of 10 years imprisonment associated with transportation for illegal sexual activity. Dkt. 59-1, at 4.

Finally, Hibbler's claim that his attorney's performance was deficient because Sampson did not file any post-sentence motions or appeals is without merit. Hibbler waived his right to appeal or file post-conviction challenges to his sentence. Dkt. 34, at 5-6. Sampson asserts in his declaration that Hibbler did not ask Sampson to file any motions after sentencing—a contention Hibbler does not contest. Dkt. 59-1, at 4-5. Moreover, Sampson "did not think" that the victim statement contained information not already in the pre-sentence report, or that the text messages Hibbler sent Sampson "would have effectively rebutted the victim's impact statement." *Id.* at 5; *see also Strickland*, 466 U.S. at 681 ("Because advocacy is an art and not a science, and because the adversary system requires deference to counsel's informed decisions, strategic choices must be respected in these circumstances if they are based on professional judgment."). The undersigned thus recommends that the District Court deny the ineffective assistance of counsel claims raised in Hibbler's petition.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY** Jeremy Walton Hibbler's Motion to Vacate, Set Aside, or Correct Sentence, Dkt. 51. The referral in this case is **CANCELED**.

## V.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(B). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, effective as amended on February 1, 2010, the District Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether

8

the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Accordingly, a certificate of appealability should not be issued.

## VI. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 2, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE